| Debtor 1 | **Brian R. Gangolf** | | | ☐ Check if this is an amended plan, and list the sections of the plan that have been changed. |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |
| Debtor 2 | **Shondi Gangolf** | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name | |
| Case number: | | | | |
| Debtor's attorney | **Timothy P.Kirkpatrick, 20251/ Mark Needham, 9914** | | ☐ No attorney | |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

**CHAPTER 13 PLAN**

☒ Original plan
☐ (1ST, 2ND,...) Amended plan - Date amended: _____
☐ (1ST, 2ND,...) Modified plan (postconfirmation) - Date modified: _____

**1. General Provisions.**

The term "Allowed Secured Claim" shall mean the amount due a secured creditor on a claim secured by property of the estate and as set forth in the Plan. Allowed Secured Claims may be subject to later Objection as set forth in the General Provisions of this Plan and section 7.3.

"Allowed Secured Creditor" and "Allowed Secured Claimant" shall mean a creditor with an Allowed Secured Claim.

The term "Debtor" shall include both Debtors in a joint case.

The term "Completion Date" shall be the date the last payment was due to Trustee under the Plan, or for payments directly submitted to creditors of Debtor, the date immediately preceding the last date a payment was due to Trustee.

"Completion of the Plan" shall mean the payment of all amounts provided by the Plan whether through Trustee or directly to a claimant.

The effective date of this Plan shall be the date of entry of the Order of Confirmation; modifications to the Plan shall become effective upon entry of an order approving same.

The Order of Confirmation, or any subsequent order of the Court supersedes any provision of the Plan which is in conflict.

Creditors who have co-signors, co-makers, or guarantors ("Co-Obligors") and for whom this Plan provides full payment of the amounts contractually due are enjoined from collection under 11 U.S.C. § 1301, and Completion of the Plan shall constitute full payment of the debt as to Debtor and any Co-Obligors.

On Completion of the Plan, all prepetition claims provided for by the Plan or disallowed under 11 U.S.C. § 502 shall be discharged except as provided by 11 U.S.C. § 1328 or the Plan.

Confirmation of the Plan does not constitute a waiver or admission by Debtor or any party in interest regarding the validity or amount of any claim provided for by the Plan. Debtor and Trustee specifically reserve the right to object to any claim, whether or not said claim was filed at the time of or after confirmation.

All scheduled property of the estate existing at confirmation shall vest in and be retained by Debtor. Unscheduled property or property acquired after confirmation shall remain vested in the estate. Upon disposition of any rights in property of the estate belonging to Debtor on the petition date or acquired thereafter, the proceeds or benefits received shall be:

    a. Retained by Debtor if from the disposition of exempt property; or

    b. If not exempt, remitted to Trustee to be administered in accord with the Plan or further order of the Court.

**2. Notice to Creditors:** This Plan contains

| 2.1 | Nonstandard provisions | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2.2 | Limit on the amount of a secured claim based on the valuation of the collateral for the claim | ☒ Included | ☐ Not Included |
| 2.3 | Avoids a security interest or lien | ☐ Included | ☒ Not Included |

**3. Payment to the Trustee and Length of Plan.**

The future earnings and other future income of Debtor is submitted to the supervision and control of the Trustee. Debtor shall pay $**1299.35** per month beginning one month after the petition date, such that the first payment will be due on the same day of the month as the day the petition was filed or the last day of the month, whichever is earlier, but for the month following the filing and continuing monthly thereafter for **60** months.

Step Payments:
$**1299.35** for month **1** thru **60**

Lump Sum Payments:
**NONE**

Total **60** months

(Insert additional lines if needed)
☐ Directly by the Debtor
■ Wage Order Payment
☐ Stop Wage Order Payment
☐ Other ____

All Plan payments by Debtor shall be payable to S.J. Beaulieu, Jr., Chapter 13 Trustee, or his successor in interest ("Trustee"), and must include Debtor's name and case number. Payments must be mailed to Trustee at the address designated by him or his successor in interest and as published on the Trustee's website.

**4. Other Payments to Trustee.**

**4.1. Tax Refunds.**
Debtor shall file both Federal and State Income tax returns timely. Debtors shall provide a copy of same to the Trustee immediately after filing. All refunds due under Federal and State Income Tax Returns filed during this Plan's effect are disposable income and will be turned over to the Trustee as an additional distribution to creditors. Debtor is allowed to retain the Earned Income Credit (EIC) portion of any refund, if claimed as exempt on Schedule C.

☐ Other

**4.2. Nonexempt Proceeds of Lawsuit or Unliquidated Claim.**
The *nonexempt* proceeds of any lawsuit or unliquidated claim held by Debtor as of the date of filing or accruing during the term of this Plan must be turned over to the Trustee and shall constitute an additional distribution to creditors.

**4.3. Proceeds of Refinancing or Sale of Nonexempt Property.**
The proceeds of any refinancing or the sale of nonexempt property owned by Debtor or acquired during the term of this Plan must be turned over to the Trustee for administration. Any proceeds attributable to the sale or refinance of exempt property may be retained by Debtor, provided the property was claimed as exempt on Schedule C and not contested by Trustee.

**5. Disposable Income.**

Debtor is ■ above the means ☐ below the means

Debtor's disposable income as reflected on Form 122C, after adjustment as set forth on the reconciliation report filed with this Plan, is $**-5.53** per month. (If the plan proposes to pay less than the amounts set forth on Form 122C as adjusted, Debtor shall file a statement of explanation as to why.)

The Debtor alleges that present disposable income as reflected on Schedule J is $**1,299.60** (after adjustment for any expenses payable through the Trustee or for surrendered property.) Disposable income includes contributions of $__**0**__ per month from __**0**__.

**6. Liquidation Analysis.**

The present value of property available to pay nonpriority, unsecured creditor interests should a liquidation be ordered is $__**0.0**__. (Attach completed liquidation analysis.) The future value of this sum over the life of the Plan is $__**0**__ assuming an interest rate of __**0**__%.

**7. Disbursements.** Except as otherwise provided by the Plan or order of the Court, Trustee shall only make payments to allowed claimants. From the payments received under the Plan the Trustee shall make disbursements as follows:

**7.1 Administrative Expenses.** Payment of administrative expenses until satisfied in full:

**7.1.a.** Filing fee (unpaid portion): $**0.00**
**7.1.b.** Trustee's fee: **8.00**% (paid as accrued)
**7.1.c.** Attorney's fee (unpaid portion): $**3,700.00**

Attorney's fees within the guidelines of this Court's General Orders will be deemed approved by the Court unless Objection is filed at the time of confirmation. Any additional fees claimed are subject to application and approval of the Court.

Counsel will receive deferred compensation of $300 in months, 24, 36, 48, and 60 for a maximum of $1,200.00. Trustee shall escrow $25.00 per month beginning in month 13 to pay the deferred compensation.

**7.1.d.** Adequate protection payments in the amount of **50.00** per month shall be paid to **Ally Fincl** after confirmation of the Plan and shall be calculated from the date the first payment is due pursuant to section 3 above. The creditor shall apply all adequate protection payments directly to outstanding principal on the debt for which adequate protection is given.

**7.2. Domestic Support Obligation ("DSO").**
   **7.2.a. Ongoing DSO claims**

   1. ■ None. If none, skip to section 7.3 "Secured Claims" below.

   2. Debtor shall pay all **postpetition DSO** claims **directly to the holder(s)** of the claim(s), not through the Trustee

   3. List the name(s) and address(es) below of the holder(s) of any DSO as defined in 11 U.S.C. §101(14A). Do not disclose names of minor children, who must be identified only as "Minor child #1," "Minor child #2," etc. 11 U.S.C. §112.

| Name of DSO Claim Holder | Address, city, state, and zip | Monthly payment |
|---|---|---|

   **7.2.b. DSO Arrearages.**

   1. ■ None. If none, skip to section 7.3 "Secured Claims" below.

   2. Trustee shall pay DSO arrearages from Debtor's Plan payments. List the name and address of the holder of every DSO arrearage claim, amount of arrearage claim and monthly payment below. Do not disclose names of minor children, who must be identified only as "Minor child #1," "Minor child #2," etc. 11 U.S.C. §112.

| Name and address of DSO claim holder | Arrearage Claim Amount | Term (Months) | Monthly Installment |
|---|---|---|---|

   3. Prepetition assignment orders shall remain in effect and the Debtor shall continue to make payments pursuant to the terms of the Order.

   **7.2.c. DSO assigned or owed to a governmental unit under 11 U.S.C. § 507(a)(1)(B).**

   1. ■ **None.** If none, skip to section 7.3 "Secured Claims" below.

   2. Pursuant to any prepetition income assignment order, Debtor shall make all postpetition payments on DSO claims assigned to a governmental unit directly to the assignee of the claim.

   3. List the name and address of the holder of every assigned DSO arrearage claim, amount of arrearage claim and monthly payment amount or other special provisions below. Debtor also shall describe in detail any special provisions for payments of these claims in section 9 of this Plan.

| Name and address of DSO claim holder | Arrearage Claim Amount | Term (Months) | Monthly Installment |
|---|---|---|---|

**7.3. Allowed Secured Claims.** Allowed Secured Claims shall be paid after satisfaction of payments under sections 7.1-7.2. Payments to secured claimants shall be as follows:

Allowed SecuredCcreditors shall retain their mortgage, lien or security interest in collateral until completion of all payments due under the Plan to any party. To the extent the Plan provides for the cure of prepetition defaults on a secured claim but provides that the unmatured prepetition amounts owed shall be payable beyond the term of the Plan, on Completion of the Plan, the prepetition default shall be deemed cured, the debt will be current through the Completion Date of the Plan, and all claims to cure shall be released both *in personam* and *in rem*. Except as provided by the Plan, the Allowed Secured Claim shall be reduced to the unmatured portion of the debt that extends beyond the Completion Date and the claimant's lien shall be retained to secure only that obligation unless otherwise modified by court order or Federal Rule of Bankruptcy Procedure 3002.1.

For an Allowed Secured Claim payment of which does not extend beyond the Plan Completion Date (payable entirely through the Plan), upon payment of the Allowed Secured Claim, the security interest over Debtor's property shall be cancelled upon order of the Court or upon discharge, whichever occurs first.

Debtor may modify the interest rate or other terms of repayment on an Allowed Secured Claim without separate objection and through the provisions of this Plan. Confirmation of the Plan does not constitute a waiver or admission by Debtor or any party in interest regarding the validity or amount of any claim provided for by the Plan. Debtor specifically reserves in his favor and that of Trustee the right to object to any Allowed Secured Claim, whether or not said claim was filed at the time of or after confirmation.

Unless otherwise ordered, Trustee shall cease making distributions to any secured claimant on its Allowed Secured Claim after an order lifting the stay imposed by 11 U.S.C. § 362(a) is entered or a plan that surrenders the collateral to the secured claimant is approved.

During the term of the Plan, Allowed Secured Creditors may continue to send Debtor notices, statements or other written information on the status of direct, monthly postconfirmation payments. However, demand letters are not permitted nor may Allowed Secured Claimants invoice or provide informational statements as to accrued, but unapproved, charges allegedly due except under the procedures outlined in the Federal Rules of Bankruptcy Procedure or Local Rules of the Court.

If under the terms of a note or security instrument an Allowed Secured Claimant proposes to change the amount of any direct payments made by Debtor, the claimant shall give written notice of the change to Debtor, Debtor's counsel and Trustee along with appropriate documentation explaining the reason for the adjustment in accordance with the Federal Rules of Bankruptcy Procedure.

Unless otherwise ordered by the Court, all payments received by the Allowed Secured Creditor from Trustee shall be applied to reduce the amounts reflected on the creditor's proof of claim for sums due and payable prepetition. All amounts paid directly by Debtor to the Allowed Secured Creditor will be applied to outstanding interest, Debtor's escrow account or principal accrued and payable since the filing date, allowed before costs or fees.

In the event an Allowed Secured Creditor believes it is entitled to additional postpetition charges or fees, it must seek approval for same in accordance with the Federal Rules of Bankruptcy

Procedure prior to imposing any charge or fee against Debtor's account. If not approved prior to the Completion Date, any postpetition charges or fees shall be released both *in rem* and *in personam* from the claim.

Claimants holding claims payable under this section shall release and cancel from the public records any lien, writ, notice of seizure or encumbrance over property of Debtor or his estate which was created by virtue of an action to collect the Allowed Secured Claim or that has been satisfied in accordance with the Plan.

The following Allowed Secured Claims will be paid in full under the Plan with interest at the rate stated below. Payments will be disbursed either by Trustee or directly by Debtor, as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed timely before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary and timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by Trustee rather than by Debtor.

**7.3.a. Principal Residence.**

    **7.3.a.1. Maintenance of Payments on Principal Residence.**

    ☐ None.

    ■ Installment payments maturing postpetition on the following claims will be paid to the claimant directly. As a result, no payments on maturing postpetition installments will be made from funds payable to the Trustee. Prepetition arrearages, if any, are satisfied under the provisions of 7.3.a.2. The claimant's allowed security interest and claim for amounts maturing postpetition, may be affected by the Federal Rules of Bankruptcy Procedure, any order of this Court and the General Provisions of this Plan.

| Name of Creditor | Collateral | Current installment payment |
|---|---|---|
| **GMFS** | **204 Millay Lane Mandeville, LA 70448 Saint Tammany County** | $1,905.00 |
| **State Farm Acceptance** | **204 Millay Lane Mandeville, LA 70448 Saint Tammany County** | $500.00 |

    **7.3.a.2. Cure of Default on Principal Residence.**

    ☐ None.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

☒ The following amounts will be paid to fully cure any defaults existing on the petition date on the claims listed below. On the Completion of the Plan, any amount in addition to that set forth below not otherwise claimed by the secured claimant on a timely filed proof of claim and 1) owed to cure the prepetition default of Debtor or 2) accrued, unpaid and unrecognized by the Court as of the Completion Date will be discharged, and Debtor will be released from any further obligation *in personam* or *in rem* with regard to the amounts payable accruing through the Completion Date. The amounts to cure will be secured by the collateral described below during the term of this Plan. On Completion of the Plan, the following claims shall be deemed in good standing and current as of the Completion Date. The amounts owed and secured in favor of the claimant postpetition may be affected by the Federal Rules of Bankruptcy Procedure, any order of the Court, and the General Provisions of this Plan.

| Name of Creditor | Collateral | Current installment payment | Amount of arrearage | Interest rate on arrearage (if applicable) | Payments by the Trustee to be paid *Pro rata* | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| GMFS | 204 Millay Lane Mandeville, LA 70448 Saint Tammany County | $1,905.00 | $34,000.00 | 0.00% | Pro rata | $34,000.00 |
| | Disbursed by: ☐ Trustee ☒ Debtor(s) | | | | | |
| State Farm Acceptance | 204 Millay Lane Mandeville, LA 70448 Saint Tammany County | $500.00 | $3,000.00 | 0.00% | Pro rata | $3,000.00 |
| | Disbursed by: ☐ Trustee ☒ Debtor(s) | | | | | |

*Insert additional claims as needed.*

☐ If other than *pro rata* payment, complete section 9.

**7.3.b. Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 7.3.b need not be completed or reproduced.*

The remainder of this section will be effective only if the applicable box in section 2.2 of this Plan is checked.

☒ Debtor requests that the Court determine the value of the secured claims listed below. For each nongovernmental secured claim listed below, Debtor states that the value of the secured claim is as set out in the column headed Amount of secured claim ("Allowed Secured Claim"). For secured claims of governmental units, unless otherwise ordered by the Court, the secured claim listed in a timely filed proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the Allowed Secured Claim will be paid the Amount set forth below in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the Allowed Secured Claim will be treated as an unsecured claim under section 7.6 of this Plan. If the Allowed Secured Claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under section 7.6 of this Plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on a timely filed proof of claim controls over any contrary amounts listed in this section, but its Allowed Secured Claim will be limited to the Amount set forth below.

The holder of any Allowed Secured Claim listed below will retain its lien on the property interests of Debtor or the estate to secure repayment of its Allowed Secured Claim until the earlier of:

    a. Payment of the Allowed Secured Claim determined under non-bankruptcy law, or
    b. Completion of the Plan, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of secured claim | Interest rate | Payments by the Trustee to be paid *Pro rata* | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|
| Ally Fincl | $15,952.82 | 2014 Kia Sorento 113000 miles | $9,987.50 | $9,987.50 | 6.25% | Prorata | $11,337.81 |

*Insert additional claims as needed.*

☐ If other than *pro rata* payment, complete section 9.

**7.3.c. Lien avoidance.**

■ **None.** *If "None" is checked, the rest of § 7.3.c need not be completed or reproduced.*

**7.3.d. Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 7.3.d need not be completed or reproduced.*

**7.3.e. Other Secured Claims.**

**7.3.e.1.** Secured claims which will not extend beyond the length of the Plan. The entire balance of the following claims will be paid:

| Name of creditor | Collateral | Secured Claim Amount | Interest Rate | Payments by the Trustee to be paid *Prorata* | Estimated total of monthly payments |
|---|---|---|---|---|---|
| Approved Cash | 2006 Ford F-150 | $850.00 | 0.00% | Prorata | $850.00 |

*Insert additional claims as needed.*

☐ If other than *pro rata* payment, complete section 9.

**7.3.e.2.** Installment payments maturing postpetition on the following secured claims will be paid to the claimant directly by Debtor. As a result, no payments on maturing postpetition installments will be made from funds payable to the Trustee. Prepetition arrearages, if any, are satisfied under the provisions of 7.3.a.2. The claimant's Allowed Security Claim for amounts maturing postpetition, may be affected by the Federal Rules of Bankruptcy Procedure, any order of this Court and the General Provisions of this Plan.

| Names/Collateral | Monthly Payment |
|---|---|
| **-NONE-** | $ |

**7.3.e.3.** Defaults to be cured on claims secured by property of the estate:

The following amounts will be paid to fully cure any defaults existing on the petition date on the claims listed below. On Completion of the Plan, any amount in addition to that set forth below and owed to cure the prepetition default of Debtor will be discharged, and Debtor will be released from any further obligation *in personam* or *in rem* with regard to the amounts necessary to cure. The amounts to cure will be secured by the collateral described below during the term of this Plan. On Completion of the Plan, the following claims shall be deemed in good standing and current as of the Completion Date. The amounts owed and secured in favor of the claimant postpetition may be affected by the Federal Rules of Bankruptcy Procedure, any order of the Court, and the General Provisions of this Plan.

| Name of creditor | Collateral | Amount of arrearage | Interest rate on arrearage (if applicable) | Payments by the Trustee to be paid *Pro rata* | Estimated total of monthly payments |
|---|---|---|---|---|---|

*Insert additional claims as needed.*

☐If other than *pro rata* payment, complete section 9.

    **7.4. Priority Claims.** Under 11 U.S.C. § 507. Payments to priority claimants will be made after payments to administrative claimants (sections 7.1 and 7.2) and Secured claimants (section 7.3), unless otherwise indicated:

| Name of creditor | Estimated amount of creditor's total claim | Interest rate | Payments by the Trustee to be paid *Pro rata* | Estimated total of monthly payments |
|---|---|---|---|---|
| **Louisiana Department of Revenue** | **$18,836.17** | **0.00%** | **$1,177.26** | **$18,836.17** |

    *Insert additional claims as needed.*

☐If other than *pro rata* payment, complete section 9.

    **7.5. Surrender of collateral.**

To the extent that this Plan proposes to surrender property to a claimant with a security interest in same, upon confirmation of the Plan, Debtor will notify the secured claimant (at the address specified on its proof of claim) of the location of the collateral and take steps reasonably necessary to assist the secured claimant in its collection. Upon confirmation, Debtor shall immediately discontinue use of the collateral. Debtor shall continue to insure all surrendered collateral until the earlier of 30 days following confirmation or the taking of possession by the creditor or its agent. Debtor shall not be responsible for any damages or depreciation in value to the collateral except to the extent caused by Debtor's use postconfirmation, fault or gross negligence. Upon confirmation, the stay imposed by 11 U.S.C. § 362 shall be lifted as to all surrendered property and the stay under 11 U.S.C. § 1301 shall be terminated in all respects so as to permit creditors holding security interests in same to pursue rights in the property. Unless otherwise provided in the Plan, a surrender shall entitle the secured claimant to file an unsecured deficiency claim if due. If a deficiency claim is allowed, distributions will be payable to the claimant on a *pro rata* basis with other claimants in its class from the date of the filing of the deficiency claim. Deficiency claimants will not be entitled to equalizing distributions based on prior payments made to the class.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 7.5 need not be completed or reproduced.*

■ Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim.

| Names of creditor | Collateral |
|---|---|
| **Harrison Finance** | **Household goods and furnishings (Surrender any properly described household goods, furnishings, and other possessions legally pledged, liened and securitized; still in Debtor's possession)** |
| **Onemain** | **Household goods and furnishings (Surrender any properly described household goods, furnishings, and other possessions legally pledged, liened and securitized; still in Debtor's possession)** |
| **Tidewater** | **Household goods and furnishings (Surrender any properly described household goods, furnishings, and other possessions legally pledged, liened and securitized; still in Debtor's possession)** |
| **Wfhm** | **2104 First Street Harvey, LA 70058 Jefferson County (Surrendering in full satisfaction of any and all claims including but not limited to any deficiency balance)** |

    **7.6. Unsecured Claims.** No amounts will be paid on unsecured claims until Plan payments under sections 7.1 and 7.2 are satisfied, unless otherwise provided for by the Plan. After payments to claimants in sections 7.1 and 7.2 have been satisfied, any additional monies available for distribution shall be paid, *pro rata* based on the individual claims included in classes 7.3, 7.4, and 7.6 divided by the total amounts owed to each. At the time of confirmation, it is estimated that claimants in this class will receive distributions equal to $**0.00** or **0.00**% of their allowed claims. Actual distributions may vary depending on changes in the Debtor's disposable income over the life of the Plan; the amount of allowed unsecured nonpriority claims; and the amount and ranking of secured, priority and administrative claims. However, allow general nonpriority unsecured claims shall be paid no less than $**0.00** in aggregate over the life of the Plan.

**8. Executory Contracts.** All executory contracts are rejected except the following which are assumed:

| Name | Collateral |
|---|---|
| **-NONE-** | |

## 9. Non-standard Provisions.

*ANY NONSTANDARD PROVISION AS DEFINED BY F.R.B.P. 3015(A) PLACED ELSEWHERE IN THE PLAN IS VOID. Debtor and Debtor's counsel certify that the Plan does not contain any nonstandard provision, except as may be set forth in section 9.*

The remainder of this section will be effective only if the applicable box in section 2.1 of this Plan is checked.

■ **None.** *If "None" is checked, the rest of § 9 need not be completed or reproduced.*

## 10. Signatures.

| | | |
|---|---|---|
| **/s/ Timothy P.Kirkpatrick,** | Date | **April 17, 2019** |

**Timothy P.Kirkpatrick, 20251/ Mark Needham, 9914**
Signature of Attorney for Debtor(s)

| | | |
|---|---|---|
| **/s/ Brian R. Gangolf** | Date | **April 17, 2019** |

**Brian R. Gangolf**
Debtor

| | | |
|---|---|---|
| **/s/ Shondi Gangolf** | Date | **April 17, 2019** |

**Shondi Gangolf**
Joint Debtor

Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in Official Chapter 13 Plan Form from the Eastern District of Louisiana, other than any nonstandard provision included in section 9.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                   Best Case Bankruptcy

Form Date: 06-21-18 [Amended]
Debtor[s] _____     Case No. _____

## Liquation Analysis Worksheet

**1.] Calculation of Net Liquidation Amount**
Real Estate [Schedule A [Part 1] or BPO which has to be within 2 years]
[1] _____ [2] _____ [3] _____ [4] _____
Market Value [MV] of the Real Estate less 10% [6% Sales Commission = 4% closing cost [MV x .90] = a
[1] _____ [2] _____ [3] _____ [4] _____
Exemption of Real Estate [Schedule C] = b
[1] _____ [2] _____ [3] _____ [4] _____
Less: Mortgage[s] [MTG] on Real Estate [Schedule D] = c
[1] _____ [2] _____ [3] _____ [4] _____
a minus b, minus c = d [Lines 1 thru 4]
[d1] _____ [d2] _____ [d3] _____ [d4] _____
Add lines d1, d2, d3 & d4 = [1] ============================================ [1] = _____

**2.] Calculation of Net Liquidation on succession**
See Value listed on Schedule B [Part 4] Line 32]
This Value is obtained from the Form Titled "Valuation of succession Property"     [2] = _____

**3.] Calculation of Net Liquidation on Remaining Assets [Schedule B [Part 2, 3, 4, 5, 6 & 7]**
Part 2-Line 3: [Car, Vans, Trucks, Sport Utility Vehicles, Motorcycles [M/C]

| | [Schedule B] | Less Exemption [Schedule C] | Minus MTG [Schedule D] | Total Amount |
|---|---|---|---|---|
| Year ___ | $ _____ | $ _____ | $ _____ | = [e] $ _____ |
| Year ___ | $ _____ | $ _____ | $ _____ | $ _____ |
| Year ___ | $ _____ | $ _____ | $ _____ | $ _____ |

Part 2-Line 4: [Watercraft, aircraft, motor homes, ATV's & other recreational vehicles/other vehicles/accessories]
Year ___ $ _____ $ _____ $ _____ = [f] $ _____
Year ___ $ _____ $ _____ $ _____ $ _____
Part 3: Lines 6 thru 14 [Describe your Personal & Household Items]
$ _____ $ _____ $ _____ = [g] $ _____
Part 4: Lines 16 thru 35 [Describe your financial Assets. ** [DO NOT INCLUDE #32] **
$ _____ $ _____ $ _____ = [h] $ _____
Part 5, 6 & 7: Lines 37 thru 53 [Describe any Business, Any Farm & Commercial Fishing-Related Property you own or have interest in or Interest in that you did not list]
$ _____ $ _____ $ _____ = [i] $ _____
$ _____ $ _____ $ _____ = [j] $ _____
$ _____ $ _____ $ _____ = [k] $ _____
Line Total of: [e, f, g, h, i, j, & k] = Line [3]     [3] = _____

Total of Net Liquidation of Estate: [Add #'s 1, 2, & 3] = Line [4]     [4] = 0
Less the Trustee Fee
25% of the First $5,000.00     [l] $ _____
10% of the First $5,000.01 to $50,000.00     [m] $ _____
5% of the First $50,000.01 to $999,999.99     [n] $ _____
Reasonable compensation not to exceed 3% of the amount over $1,000,000.00     [o] $ _____
Line [l, m, n, & o] = Line [5]     [5] = < _____ >
Line 4 minus Line 5 = Line [6]     [6] = _____
Line 6 [times .99] for Administrative expense = Line 7     [7] = _____
If Line 7 is less than $1,500.00 the Liquidation is Zero. [If it's more than $1,500.00 Precede]
Line 7 less Priority debts [Schedule E] $ _____ = Line [8]     [8] = _____
Discount Rate 4% Factor depends on the terms of the plan [See Chart]
Line 8 times [chart Value] = Line [9]     [9] = _____

## Table I - American Experience Mortality Table (Louisiana Revised Statute 47:2405)

| Age | Life Expectancy | PV of Naked Ownership | PV of Life Usufruct | Age | Life Expectancy | PV of Naked Ownership | PV of Life Usufruct | Age | Life Expectancy | PV of Naked Ownership |
|---|---|---|---|---|---|---|---|---|---|---|
| 20 | 42.20 | .085548 | .914452 | 46 | 23.81 | .249794 | .750206 | 72 | 7.55 | .644352 |
| 21 | 41.53 | .089967 | .910033 | 47 | 23.08 | .260612 | .739388 | 73 | 7.11 | .660916 |
| 22 | 40.85 | .092544 | .907456 | 48 | 22.36 | .271850 | .728150 | 74 | 6.68 | .677826 |
| 23 | 40.10 | .096672 | .903328 | 49 | 21.63 | .283666 | .716334 | 75 | 6.27 | .694187 |
| 24 | 39.49 | .100197 | .899803 | 50 | 20.91 | .295743 | .704257 | 76 | 5.88 | .710037 |
| 25 | 38.81 | .104231 | .895769 | 51 | 20.20 | .308275 | .691725 | 77 | 5.49 | .726532 |
| 26 | 38.12 | .108497 | .891503 | 52 | 19.49 | .321346 | .678654 | 78 | 5.11 | .742605 |
| 27 | 37.43 | .112975 | .887025 | 53 | 18.79 | .334678 | .665322 | 79 | 4.74 | .758915 |
| 28 | 36.73 | .117669 | .882331 | 54 | 18.09 | .348559 | .651441 | 80 | 4.39 | .774608 |
| 29 | 36.03 | .122533 | .877467 | 55 | 17.40 | .362956 | .637044 | 81 | 4.05 | .789852 |
| 30 | 35.33 | .127675 | .872325 | 56 | 16.73 | .377380 | .622620 | 82 | 3.71 | .805876 |
| 31 | 34.63 | .132994 | .867006 | 57 | 16.05 | .392532 | .607468 | 83 | 3.39 | .821084 |
| 32 | 33.93 | .138491 | .861509 | 58 | 15.39 | .408054 | .591946 | 84 | 3.06 | .835817 |
| 33 | 33.21 | .144448 | .855552 | 59 | 14.74 | .423774 | .576226 | 85 | 2.77 | .851206 |
| 34 | 32.50 | .150571 | .849429 | 60 | 14.10 | .439797 | .560203 | 86 | 2.47 | .866319 |
| 35 | 31.78 | .157003 | .842997 | 61 | 13.47 | .456366 | .543634 | 87 | 2.18 | .880928 |
| 36 | 31.07 | .163604 | .836396 | 62 | 12.86 | .472777 | .527223 | 88 | 1.91 | .894442 |
| 37 | 30.35 | .170661 | .829339 | 63 | 12.26 | .489655 | .510345 | 89 | 1.66 | .908152 |
| 38 | 29.62 | .178080 | .821920 | 64 | 11.67 | .506809 | .493191 | 90 | 1.42 | .920968 |
| 39 | 28.90 | .185664 | .814336 | 65 | 11.10 | .523806 | .476194 | 91 | 1.19 | .933250 |
| 40 | 28.18 | .193637 | .806363 | 66 | 10.54 | .541327 | .458673 | 92 | 0.98 | .944528 |
| 41 | 27.45 | .202086 | .797914 | 67 | 10.00 | .558395 | .441605 | 93 | 0.80 | .954717 |
| 42 | 26.22 | .217073 | .782927 | 68 | 9.47 | .576152 | .423848 | 94 | 0.64 | .963773 |
| 43 | 26.00 | .219810 | .780190 | 69 | 8.97 | .592963 | .407037 | 95 | 0.50 | .971698 |
| 44 | 25.27 | .229438 | .770562 | 70 | 8.48 | .610365 | .389635 | | | |
| 45 | 24.54 | .239430 | .760570 | 71 | 8.00 | .627412 | .372588 | | | |

06/21/18

## Valuation of Succession Property

MKV Value of Property  _____

MKV less 10% (6% sales commission plus 4% closing cost) [MV X .90]   X .90

    New Value _____

Less Homestead exemption (If the surviving spouse lives in property) <_____>

    New Value _____

Less Mortgage  _____

    New Value _____

Less $3000.00 cost of succession   <____$3000.00____>

    New Value _____

X=[Times] PV of Life Usufruct (See attached)   X _____

    A=New Value _____

Divide by number of siblings (living & deceased) (___) X 2 =
(Only if surviving spouse) **OR**

If no surviving spouse divide by only the number of siblings   B=_____

(living & deceased)   C=New Value _____

$$(A \div B) = C$$

Show this amount on line 32 Schedule B

# KIA

| | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Loan | | Model Number | MSRP | Wght | Clean Trade-In | Clean Loan | Clean Retail |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **2015 SEDONA-V6** | | | | | | | | | | | |
| 10325 | 11550 | 12525 | 14200 | Utility 4D LX (AWD) | PBCAC | 23250 | 3426 | 11275 | 14200 | | |
| 12425 | 13700 | 14725 | 16500 | Utility 4D EX (AWD) | PCCAC | 26650 | 3426 | 13275 | 16500 | | |
| 14575 | 15900 | 16975 | 18850 | Utility 4D SX (AWD) | PCCA6 | 29600 | 3512 | 15300 | 18850 | | |
| **Add** Certified Pre-Owned | | | 400 | 525 | 600 | | | | | | |
| **Add** Leather Seats | | | 450 | | | | | | | | |

**2015 SEDONA-V6**

| Rough | Average | Clean | Clean | Body Type | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 8600 | 9750 | 10700 | 12375 | Wagon L | MA5 | 25900 | 4414 | 9650 | 12700 |
| 10200 | 11400 | 12375 | 14075 | Wagon LX | MB5 | 28100 | 4411 | 11150 | 14425 |
| 13100 | 14400 | 15450 | 17225 | Wagon EX | MC5 | 32100 | 4539 | 13925 | 17725 |
| 14100 | 15425 | 16500 | 18825 | Wagon SX | MC5 | 36100 | 4548 | 14850 | 18825 |
| 17425 | 18800 | 19925 | 22375 | Wagon SX Limited | ME5 | 39700 | 4656 | 17950 | 22375 |

**Add** Technology Pkg (SX Limited) 1250 1400 **Add** Dual Pwr Sliding Doors (LX) 450 550
**Add** Certified Pre-Owned 350 400 **Add** Power Sunroof 400 450
**Add** Aluminum/Alloy Wheels (L) 1025 1100 **Add** Rear Entertainment System 525 600
**Add** Leather Seats

**2015 SORENTO-V6** — Mileage Class: II

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 10100 | 11300 | 12275 | 13975 | Utility 4D LX (4 Cyl.) | KT34A6 | 24100 | 3694 | 11050 | 14425 |
| 10750 | 11975 | 12975 | 14675 | Utility 4D LX | KT4A7 | 26500 | 3722 | 11700 | 15175 |
| 13175 | 14475 | 15525 | 17875 | Utility 4D EX | KU4A7 | 31500 | 3722 | 13975 | 17875 |
| 14400 | 15725 | 16800 | 19225 | Utility 4D SX | KW4A7 | 36500 | 3722 | 15125 | 19225 |
| 15475 | 16825 | 17925 | 20400 | Utility 4D SX-L | KT(CD)A6 | 35900 | 3766 | 16150 | 20400 |
| 10750 | 11800 | 12800 | 14475 | Utility 4D LX (AWD, 4 Cyl.) | KTDA7 | 28300 | 3894 | 11525 | 14975 |
| 11025 | 12250 | 13250 | 14975 | Utility 4D LX (AWD) | KUDA7 | 33300 | 3894 | 14775 | 18800 |
| 14000 | 15325 | 16400 | 18800 | Utility 4D EX (AWD) | KWDA7 | 41700 | 3894 | 16600 | 20925 |
| 15975 | 17325 | 18425 | 20925 | Utility 4D SX (AWD) | | | | 17000 | 21400 |
| 16425 | 17775 | 18875 | 21400 | Utility 4D SX-L (AWD) | | | | | |

**Add** 3rd Row Seat (LX 4 Cyl.) 375 425 **Add** Navigation System (Std. SX, SX-L) 575 650
**Add** Certified Pre-Owned 375 425 **Add** Power Sunroof 375 375
**Add** Leather (Std. EX, SX, SX-L) 475 550 **Ded** W/out 3rd Row Seat (LX V6) 275 275
**Add** Navigation (Std. SX, SX-L) 450 500 **Ded** W/out Power Sunroof (LX V6) 375 375
  **Ded** W/out Rear Air Cond. (LX V6)

**2014 SPORTAGE-4 Cyl.** — Mileage Class: II

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 7825 | 8950 | 9875 | 11525 | Utility 4D LX | PB3AC | 21600 | 3280 | 8900 | 11675 |
| 9400 | 10575 | 11525 | 13425 | Utility 4D EX | PC3AC | 25000 | 3280 | 10375 | 13425 |
| 10600 | 11825 | 12825 | 14800 | Utility 4D SX | PC3A6 | 26900 | 3433 | 11550 | 15000 |
| 9200 | 10375 | 11325 | 13150 | Utility 4D LX (AWD) | PBCAC | 23100 | 3426 | 10200 | 13425 |
| 10775 | 12000 | 13000 | 15000 | Utility 4D EX (AWD) | PCCAC | 26500 | 3426 | 11700 | 15000 |
| 11975 | 13250 | 14275 | 16350 | Utility 4D SX (AWD) | PCCA6 | 28400 | 3685 | 12850 | 16350 |

**Add** Certified Pre-Owned 300 350 **Add** Navigation System 300 350
**Add** Dual Pwr Slide Drs (Std EX) 400 450 **Add** Power Sunroof 500 575
**Add** Alum/Alloy Wheels (Std. LX) 900 350

**2014 SEDONA-V6**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 5375 | 6400 | 7225 | 10175 | Wagon LX | MG4 | 25900 | 4456 | 6525 | 10225 |
| 8100 | 9250 | | | Wagon EX | MH4 | 30900 | 4456 | 9175 | 13425 |

**Add** Certified Pre-Owned 350 400
**Add** Leather Seats

**2014 SORENTO-V6** — Mileage Class: II

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 8675 | 9825 | 10775 | 13025 | Utility 4D LX (4 Cyl.) | KT34A6 | 24100 | 3594 | 9725 | 13025 |
| 8700 | 9850 | 10800 | 12475 | Utility 4D EX | KT34A7 | 27000 | 3722 | 11175 | 14750 |
| 10225 | 11425 | 12400 | 14275 | Utility 4D EX | KU34A7 | 30000 | 3722 | 12475 | 16300 |
| 11575 | 12825 | 13850 | 15750 | Utility 4D SX | KW34A7 | 35000 | 3722 | 13375 | 17350 |
| 12250 | 13825 | 14850 | 16800 | Utility 4D LX (AWD, 4 Cyl.) | KW34A7 | 38000 | 3722 | 13300 | 17350 |
| 10775 | 12000 | 13000 | 14800 | Utility 4D LX (AWD) | KT(CD)A6 | 25800 | 3766 | 9950 | 13300 |
| 8925 | 10100 | 11050 | 12850 | Utility 4D EX (AWD) | KT(CD)A7 | 27400 | 3894 | 11375 | 15475 |
| 9400 | 10575 | 11525 | 13075 | Utility 4D SX (AWD) | KU(CD)A7 | 31700 | 3894 | | |
| 10850 | 12075 | 13075 | | | | | | | |

---

# KIA

**2013 SPORTAGE-4 Cyl.** — Mileage Class: II

| Rough | Average | Clean | Clean | Body Type | Model Number | MSRP | Wght | Clean Trade-In | Clean Loan | Clean Retail |
|---|---|---|---|---|---|---|---|---|---|---|
| 5575 | 6600 | 7450 | 9025 | Utility 4D LX | PB3A2 | 19000 | 3157 | 6725 | 9025 | |
| 6600 | 7675 | 8550 | 10225 | Utility 4D LX | PB3A2 | 21200 | 3186 | 7100 | 10225 | |
| 8400 | 9550 | 10475 | 12300 | Utility 4D EX | PC3A2 | 24200 | 3186 | 9450 | 12300 | |
| 9075 | 10250 | 11200 | 13075 | Utility 4D SX | KU4A2 | 27950 | 3781 | 10100 | 13075 | |
| 7375 | 8475 | 9375 | 11125 | Utility 4D LX (AWD) | PBCA2 | 22700 | 3355 | 8450 | 11125 | |
| 9675 | 10875 | 11825 | 13775 | Utility 4D EX (AWD) | PCCA2 | 25700 | 3355 | 10675 | 13775 | |
| 10350 | 11575 | 12550 | 14525 | Utility 4D SX (AWD) | PCCA6 | 28400 | 3466 | 11300 | 14525 | |

**Add** Leather Seats (Std. SX) 300 350 **Add** Power Sunroof
**Add** Navigation System

**2013 SORENTO-V6** — Mileage Class: II

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 4600 | 5575 | 6375 | 7950 | Utility 4D (6 Spd.) | PB3A2 | 18500 | 3157 | 5750 | 8275 |
| 5050 | 6050 | 6850 | 8825 | Utility 4D LX | PB3A2 | 20800 | 3186 | 6200 | 8850 |
| 6725 | 7800 | 8700 | 10475 | Utility 4D EX | PC3A2 | 23900 | 3186 | 8650 | 10825 |
| 7575 | 8700 | 9600 | 11550 | Utility 4D SX | KU4A2 | 26900 | 3311 | 9300 | 11950 |
| 9325 | 10500 | 11450 | 13425 | Utility 4D LX (AWD) | KW4A2 | 34100 | 3781 | 10325 | 13925 |
| 6250 | 7325 | 8200 | 9850 | Utility 4D EX (AWD) | PBCA2 | 23100 | 3355 | 6675 | 11425 |
| 7100 | 8200 | 9100 | 11000 | Utility 4D SX (AWD) | PC3A2 | 25350 | 3737 | 8200 | 11425 |
| 8225 | 9375 | 10325 | 12275 | Utility 4D LX (AWD, V6) | KT(CD)A2 | 26650 | 3355 | 8400 | 13225 |
| 8700 | 9850 | 10800 | 12850 | Utility 4D EX (AWD, V6) | KU(CD)A6 | 29650 | 3935 | 9725 | 14025 |
| 9325 | 10575 | 11525 | 13425 | Utility 4D SX (AWD, V6) | KUDA2 | 29650 | 3935 | 10375 | 14975 |
| 10225 | 11475 | 12425 | 14375 | Utility 4D SX (V6) | KWDA2 | 33400 | 3935 | 11200 | 14975 |

**Add** 3rd Row Seat (Std. LX V6) 300 350 **Add** Power Sunroof 450 500
**Add** Infinity Stereo (Std. SX) 300 350 **Add** Rear Air Cond. (Std. SX) 300 350
**Add** Navigation System 300 350

**2012 SPORTAGE-4 Cyl.** — Mileage Class: II

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 4725 | 5725 | 6525 | 8325 | Utility 4D LX | KT3A1(A1) | 21250 | N/A | 5875 | 8925 |
| 5150 | 6150 | 6975 | 8825 | Utility 4D LX | KT(34)A(16) | 23150 | 3845 | 6300 | 9450 |
| 6025 | 7075 | 7925 | 10500 | Utility 4D LX (V6) | KT4A2 | 24950 | 3977 | 6300 | 9475 |
| 5150 | 6175 | 7000 | 9475 | Utility 4D EX | KU34A6 | 26950 | 3845 | 7150 | 10500 |
| 6650 | 7750 | 8625 | 10825 | Utility 4D EX (V6) | KU4A2 | 27950 | 3977 | 7175 | 10525 |
| 6050 | 7100 | 7950 | 12050 | Utility 4D SX (V6) | KW4A2 | 33150 | 3977 | 8400 | 12050 |
| 7325 | 8425 | 9325 | | | | | | | |

**Add** Alum/Alloy Wheels (Std. EX) 225 250 **Add** Navigation System 200 225
**Add** Dual Pwr Slide Drs (Std EX) 250 300 **Add** Power Sunroof 400 450
**Add** Infinity Stereo System 300 325 **Add** Rear Entertainment System

**2012 SEDONA-V6**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 3450 | 4350 | 5100 | 7450 | Wagon LX | MG4 | 24900 | 4374 | 4600 | 7450 |
| 4425 | 5400 | 6200 | 8700 | Wagon EX | MH4 | 29190 | 4374 | 5600 | 8700 |

**Add** Leather Seats

---